Byron TREATS *v.* STATE of Arkansas

CR 83-75                                          657 S.W.2d 556

Supreme Court of Arkansas
Opinion delivered October 3, 1983

*William R. Simpson, Jr.,* Public Defender, by: *Kelly Carithers,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Marci L. Talbot,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The trial judge, a jury having been waived, found the appellant guilty of two aggravated robberies and sentenced him to two consecutive 40-year sentences. The public defender argues two points for reversal.

First, the proof is amply sufficient. The two armed robberies were committed in daylight hours with the victims having ample opportunity to observe the robber. Their identification was positive. Counsel argue minor discrepancies in the testimony as a basis for questioning the sufficiency of the proof, but we find it more than adequate.

Second, in one of the robberies the defendant held up the victim, took her purse and keys, and apparently drove off in her car. On cross-examination the trial judge sustained the State's objection to this question asked by defense counsel: "If I told you hypothetically that prints were lifted [from your car], and they did not match this defendant, would that shake your confidence in your identification of this person?" No foundation had been laid for the hypothesis that fingerprints had been lifted or compared. Hence the question was improper, for otherwise defense counsel might pose any imaginary situation as a basis for asking a witness if her confidence would be shaken. Permissible cross-examination does not encompass such flights of fancy.

Affirmed.